UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JAMES LEE SHAFER )
 )
v. ) No. 1:04-cv-86 / 1:87-cr-51
 ) *Edgar*
UNITED STATES OF AMERICA )

## MEMORANDUM

James Lee Shafer ("Shafer") moves for post-conviction relief pursuant to 28 U.S.C. § 2255. [Court File No. 1]. Pursuant to the Court's order [Court File No. 3] the United States filed a response [Court File No. 6]. After considering this motion and the government's response, Shafer's § 2255 motion will be **DENIED** as **MOOT**. The record conclusively shows that he is not entitled to any relief under 28 U.S.C. § 2255. There is no need for an evidentiary hearing.

**I.    Standard of Review Under 28 U.S.C. § 2255**

A federal prisoner may file a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence upon the ground that the sentence was imposed in violation of the United States Constitution. To obtain relief under § 2255, the movant bears the burden of establishing an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.1999). "To prevail under 28 U.S.C. § 2255, a defendant must show a fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir.1994) (internal quotation omitted).

**II.     Facts**

In 1987 Shafer was convicted by a jury of conspiring to distribute cocaine in violation of 21 U.S.C. § 846 and possessing with intent to distribute cocaine in violation of 21 U.S.C. § 841(a). Shafer was sentenced, prior to the onset of the Sentencing Guidelines, to thirteen years imprisonment and given eight years supervised release. Shafer was released from custody on March 20, 1995.

On April 9, 2003, Shafer purchased one gram of cocaine from a confidential informant. The probation office filed a petition for revocation, charging Shafer with three violations of his supervised release. The Court found Shafer guilty of the violations, revoked Shafer's supervised release, and sentenced Shafer to twelve months imprisonment on June 24, 2003.

Shafer timely filed this § 2255 motion on March 9, 2004.

**III.    Analysis**

In his § 2255 motion Shafer seeks relief from his twelve-month sentence, arguing that the Court lacked jurisdiction to revoke his supervised release because the period of supervised release expired weeks before the events leading to the revocation. Specifically, Shafer contends that his period of supervised release expired on March 20, 2003, eight years after he was released from custody, while the actions leading to the revocation occurred on April 9, 2003. Shafer also contends that his counsel was ineffective for failing to raise this argument at sentencing and on direct appeal. Shafer's claims are moot and, accordingly, will be denied.

In *Spencer v. Kemna*, 523 U.S. 1 (1998), the Supreme Court considered whether a habeas petitioner's claim challenging the revocation of his parole is moot when the petitioner has completed the entire term of imprisonment. *Id.* at 3, 7. The Court held that such a claim is moot unless the

petitioner can affirmatively demonstrate "collateral consequences adequate to meet Article III's injury-in-fact requirement result[ing] from petitioner's parole revocation." *Id.* at 14. The *Spencer* petitioner asserted four concrete injuries-in-fact: that the revocation could be used to his detriment in future parole proceedings; that the revocation could be used to increase his sentence in a future proceeding; that the revocation could be used to impeach him should he appear as a witness or litigant in a future civil or criminal proceeding; and that the revocation could be used against him directly pursuant to FED. R. EVID. 405 or 413 should he appear as a defendant in a future criminal proceeding. *Id.* at 14-16. The Court soundly rejected each contention, concluding that the petitioner could not demonstrate the requisite collateral consequence to satisfy the injury-in-fact requirement. *Id.* Consequently, the Court rejected the petitioner's claim as moot. *Id.*

Shafer's claims are similarly moot. On June 24, 2003, this Court revoked Shafer's term of supervised release and sentenced Shafer to twelve-months imprisonment. Shafer filed the instant motion on March 9, 2004. [Court File No. 1]. According to the Federal Bureau of Prisons' website, www.bop.gov, Shafer was released from custody on April 2, 2004. Because Shafer is no longer in prison, he must affirmatively demonstrate collateral consequences resulting from the revocation to satisfy the injury-in-fact requirement. *See Spencer*, 523 U.S. at 14. Shafer offers no such consequences, and the Court can find none. Consequently, Shafer cannot satisfy the injury-in-fact requirement and his claims are moot.

In an addendum filed contemporaneously with his § 2255 motion, Shafer also contends that his underlying convictions are unlawful because 21 U.S.C. § 841 is unconstitutional. Initially, Shafer's claim faces an insurmountable obstacle: this claim is time-barred by the one-year statute of limitations for filing § 2255 motions contained in the ANTITERRORISM AND EFFECTIVE DEATH

PENALTY ACT ("AEDPA"). To be clear, prisoners whose convictions became final on or before April 24, 1996, the effective date of AEDPA, must file § 2255 motions on or before April 24, 1997. *Nichols v. United States*, 285 F.3d 445, 447 (6th Cir. 2002); *Hyatt v. United States*, 207 F.3d 831, 832-33 (6th Cir. 2000). Shafer's conviction was final long before AEDPA became effective. Accordingly, a § 2255 motion seeking relief from that conviction and sentence had to be filed by April 24, 1997. Shafer missed the deadline by nearly seven years, as his § 2255 motion was filed on March 9, 2004. Consequently, Shafer's claim challenging his underlying conviction is time-barred.

Nonetheless, turning to the substance of the claim, though it is unclear why Shafer believes § 841 is unconstitutional, the claim is meritless. Every Court of Appeals has held that the Controlled Substances Act, 21 U.S.C. §§ 801 to 971, is a constitutional exercise of Congress' power under the Commerce Clause. *See United States v. Westbrook*, 125 F.3d 996, 1009-10 (7th Cir. 1997); *United States v. Edwards*, 98 F.3d 1364, 1369 (D.C. Cir. 1996); *United States v. Orozco*, 98 F.3d 105, 107 (3d Cir.1996); *United States v. Kim*, 94 F.3d 1247, 1249-50 (9th Cir. 1996); *United States v. Tucker*, 90 F.3d 1135, 1140-41 (6th Cir.1996); *United States v. Bell*, 90 F.3d 318, 321 (8th Cir. 1996); *United States v. Lerebours*, 87 F.3d 582, 584-85 (1st Cir. 1996); *United States v. Genao*, 79 F.3d 1333, 1336-37 (2d Cir. 1996); *United States v. Wacker*, 72 F.3d 1453, 1475 (10th Cir. 1995); *United States v. Leshuk*, 65 F.3d 1105, 1112 (4th Cir. 1995); *United States v. Bernard*, 47 F.3d 1101, 1103 (11th Cir. 1995) (per curiam); *United States v. Owens*, 996 F.2d 59, 60-61 (5th Cir. 1993). Further, every Court of Appeals to consider the issue has unanimously confirmed the constitutionality of § 841 in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See United States v. Arocho*, 305 F.3d 627, 638 (7th Cir.2002), *United States v. Outen*, 286 F.3d 622, 634 (2d Cir.2002); *United States v.*

*Palmer*, 297 F.3d 760, 767 (8th Cir.2002); *United States v. Buckland*, 277 F.3d 1173, 1177 (9th Cir. 2002) (en banc); *United States v. Kelly*, 272 F.3d 622, 623 (3rd Cir.2001) (per curiam); *United States v. McAllister*, 272 F.3d 228, 232 (4th Cir.2001); *United States v. Cernobyl*, 255 F.3d 1215, 1216 (10th Cir.2001); *United States v. Martinez*, 253 F.3d 251, 256 n. 6 (6th Cir.2001); *United States v. Candelario*, 240 F.3d 1300, 1311 n. 16 (11th Cir. 2001); *United States v. Slaughter*, 238 F.3d 580, 582 (5th Cir.2000). Shafer's claim that 21 U.S.C. § 841 is unconstitutional warrants no relief.

A separate order will enter.

                                      */s/ R. Allan Edgar*
                                      R. ALLAN EDGAR
                                    CHIEF UNITED STATES DISTRICT JUDGE